[No. 9,433. In Bank.—December 10, 1884.]

ADOLPH SCHROEDER, APPELLANT, *v.* JOHN H. GRADY, TAX COLLECTOR OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

TAXATION—ASSESSMENT OF MORTGAGES—CONSTITUTIONAL LAW.—The action of the State Board of Equalization in raising the assessment roll of a county under section 9 of article xiii. of the Constitution, operates upon mortgage assessments.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing an application for an injunction.

The action was brought to enjoin the defendant, as tax collector, from proceeding to collect the taxes assessed against the plaintiff's property for the fiscal year 1883–4. The remaining facts are stated in the dissenting opinion of Mr. Justice Ross.

*D. M. Delmas*, for Appellant.

*Attorney General Marshall*, and *William Craig*, for Respondent.

The COURT.—The questions involved and argued in this case were disposed of in *People* v. *Dunn*, 59 Cal. 328. With the conclusion reached in that case we are satisfied, and do not wish to change it.

Judgment affirmed,

Ross, J., dissenting.—If the case of the *People* v. *Dunn*, 59 Cal. 328, in so far as it related to the assessment of mortgages, was rightly decided, the judgment now appealed from should be affirmed. I joined in that decision, but subsequent examination and reflection have convinced me that in the respect indicated the case was wrongly decided. The precise question is this: At 12 o'clock noon, of the first Monday in March, 1883, there was due upon a certain mortgage $10,000, and no more; the mortgage was assessed upon the assessment-roll at $10,000; afterwards the State Board of Equalization increased the entire assessment-roll of the county fifteen per cent. Does this action of the State Board operate upon this mortgage assessment? Proceeding upon the idea that it is the commercial value of the debt secured by the mortgage which forms the subject of the assessment, we held in the Dunn case the affirmative of the proposition. And therein, as I conceive, arose the error in the ruling. It is not the commercial value of the debt which forms the subject of assessment. And this, I think, appears from the provision of the constitution itself. Section 4 of article xiii. reads:

" A mortgage, deed of trust, contract, or other obligation, by

which a debt is secured, shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby. Except as to railroad and other quasi public corporations, in case of debts so secured, the value of the property affected by such mortgage, deed of trust, contract, or obligation, less the value of such security, shall be assessed and taxed to the owner of the property, and the value of such security shall be assessed and taxed to the owner thereof, in the county, city, or district in which the property affected thereby is situate. The taxes so levied shall be a lien upon the property and security, and may be paid by either party to such security; if paid by the owner of the security, the tax so levied upon the property affected thereby shall become a part of the debt so secured; if the owner of the property shall pay the taxes so levied on such security, it shall constitute a payment thereon, and to the extent of such payment a full discharge thereof; *provided*, that if any such security or indebtedness shall be paid by any such debtor or debtors, after assessment and before the tax levy, the amount of such levy may likewise be retained by any such debtor or debtors, and shall be computed according to the tax levy for the preceding year."

Here, then, is a provision to the effect that, in the case of a debt secured by mortgage, the mortgage shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby; and a further provision that the value of the property affected by the mortgage, less the value of the security, shall be assessed and taxed to the owner of the property, and the value of the security shall be assessed and taxed to its owner. As the mortgage, which, in the case under consideration, is the security, is, for the purposes of assessment and taxation, to be deemed and treated as an interest in the property affected thereby, it follows that the value of the security which, by the terms of the constitution, is required to be assessed and taxed to the owner thereof, is so much in value of the land as would be required to satisfy the mortgage. It is manifest that this cannot be more than the amount of the mortgage, while it may be less—less, for example, where the value of the property mortgaged has decreased to such an extent as to be less than the amount of the mortgage. It seems to me,

therefore, that where, as in the case before us, the full amount due upon a mortgage has been assessed to the holder thereof, the order of the State Board increasing the assessment-roll of the county can no more apply to such an assessment than it can to the assessment of money already assessed at its legal value.    That this is the view taken by the legislature of the provisions of the constitution upon the subject, appears from the statutory provisions in relation to assessments, and particularly by section 3678 of the Political Code, which provides that " when partial payments have been made on a debt secured by mortgage or deed of trust, the owner is authorized to make the proper deduction, *listing only the balance due* on the first Monday in March."    No one, I presume, would contend that the legislature, providing, as it did, that when partial payments have been made on a debt secured by mortgage, only the balance due should be listed, prescribed, or intended to prescribe, that when no payments had been made, *more* than the amount due should be listed.    For these reasons I dissent from the judgment.

---

[No. 20,025.    Department One.—December 11, 1884.]
## EX PARTE LOUIS HELBING, ON HABEAS CORPUS.

HABEAS CORPUS—FRAUDULENTLY TAKING WATER FROM MAIN—SUFFICIENCY OF COMPLAINT.—Where a statute provides that it shall be a misdemeanor for any person to connect any pipe, tube, or other instrument with any water main or pipe for the purpose of fraudulently taking water therefrom, a complaint alleging a connection for such purpose, without charging that the connection was made by means of a pipe, tube, or other instrument, substantially follows the statute, and is sufficient.

PETITION for a writ of *habeas corpus.*

The facts are stated in the opinion of the court.

*R. Percy Wright,* for Petitioner.

*Fox & Kellogg,* for Respondent.